```
               UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION


STREETTOYZ CUSTOMS, LLC                                PLAINTIFF

VS.                         CIVIL ACTION NO. 3:21-CV-00585-TSL-RPM

LENDTERRA, INC., RUBIN LUBLIN, LLC,
SUBSTITUTE TRUSTEE, and JOHN DOES 1-5                 DEFENDANTS
```

ORDER

This cause is before the court on the motion by plaintiff for a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendant Lendterra, Inc. has responded in opposition to the motion. The court, having considered the motion, concludes that it should be denied.

As a preliminary matter, the court acknowledges that plaintiff has requested a hearing on the motion. A party's request for a preliminary injunction may be denied without a hearing, despite a request for one, "when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 (3d ed. 2016) (further observing that "[t]his practice is supported by Rule 78(b), which provides that 'the court may

1

provide for submitting and determining motions on briefs, without oral hearings,' and by the fact that Rule 65 does not explicitly require an oral hearing on a preliminary-injunction motion."); see also Com. Park at DFW Freeport, 729 F.2d at 341; Bonds v. McCain, No. 1:20-CV-00293, 2021 WL 1238849, at *1 (W.D. La. Mar. 17, 2021), report and recommendation adopted, No. 1:20-CV-00293-P, 2021 WL 1238972 (W.D. La. Apr. 1, 2021) (citing Wright & Miller, and stating, "this Court 'convenes an evidentiary hearing [on motions for preliminary injunction] only if necessary to resolve a controlling fact issue that involves a determination of witness credibility.'"). The present TRO motion can be decided without the need to resolve any factual dispute involving witness credibility, and in the court's opinion, a hearing is otherwise unwarranted. See Southpoint Bank v. Origin Bank f/k/a Community Trust Bank, No. 3:21-CV-156-TSL-MTP, 2021 WL 3742397, at *4 (S.D. Miss. Aug. 24, 2021) (explaining when hearing on motion for TRO/preliminary injunction is not required).

Plaintiff seeks to enjoin the scheduled foreclosure of certain property that is security for an $80,000 loan that plaintiff obtained from Lendterra in 2019. A plaintiff seeking injunctive relief has the burden to prove the following:

(1) a substantial likelihood that they will prevail

2

>           on the merits, (2) a substantial threat that they
>           will suffer irreparable injury if the injunction
>           is not granted, (3) their substantial injury
>           outweighs the threatened harm to the party whom
>           they seek to enjoin, and (4) granting the ...
>           injunction will not disserve the public interest.

Tex. Med. Providers Performing Abortion Servs. v. Lakey, 667 F.3d 570, 574 (5th Cir. 2012) (brackets and citations omitted). The Fifth Circuit has "cautioned repeatedly that a TRO is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." Lake Charles Diesel, Inc. v. Gen. Motors Corp., 328 F.3d 192, 196 (5th Cir. 2003) (quoting Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). Thus, injunctive relief will be denied if plaintiffs "fail[ ] sufficiently to establish *any one* of these four criteria." Black Fire Fighters Ass'n v. City of Dall., 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

Plaintiff does not dispute that it is in default on the loan, but it contends that Lendterra should be enjoined from foreclosing on the property because despite plaintiff's requests, it has failed to provide an accurate accounting of the amount due so that it can pay off the loan. Lendterra denies that plaintiff is entitled to an accounting but submits that it has provided it an accounting, including as recently as last

week, which plaintiff has failed to demonstrate is inaccurate. It argues, moreover, that plaintiff cannot satisfy the remaining elements of his claim for injunctive relief.

Plaintiff's arguments in its motion and rebuttal brief focus nearly exclusively on its contention that it has a likelihood of success on the merits of its claims for relief. The motion contains but a conclusory assertion that it can prove the other three elements, without suggesting how; and the rebuttal contains no mention of them at all.[1] Even if the court assumes that plaintiff could prove at a hearing that defendant's accounting is not entirely accurate, plaintiff nevertheless would not be entitled to injunctive relief. In a case involving a similar claim to plaintiff's herein, the court wrote the following:

> Plaintiff argues that there is high probability of success on the merits because he is only seeking an accurate accounting of the amount that he must pay to resolve his SBA loan. … However, this showing is not sufficient to demonstrate irreparable harm. "Mere

---

[1] The majority of plaintiff's briefing focuses on its claimed right to an accounting, to which it contends it is entitled on the theory that it has a fiduciary relationship with Lendterra. However, the complaint does not allege the existence of a fiduciary relationship or identify any facts which would support finding that a fiduciary relationship exists between the parties. And under Mississippi law, absent special circumstances, the mortgagor/mortgagee relationship is not considered to be a fiduciary relationship. In any event, the fact is, Lendterra has provided an accounting. Thus, whether plaintiff is entitled to an accounting is a moot issue.

> financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 471 (9th Cir. 1984). "Injunctive relief is proper only if monetary damages or other legal remedies will not compensate the plaintiffs for their injuries." Walters v. Reno, 145 F.3d 1032, 1048 (9th Cir. 1988) (citing LaDuke v. Nelson, 762 F.2d 1318, 1330 (9th Cir. 1985)). Here, Plaintiff has offered no reason why legal remedies cannot suffice to compensate him for his purely monetary damages. In the absence of a showing of irreparable harm, Plaintiff is not entitled to a temporary restraining order.

Agha v. U.S. Small Bus. Admin., No. 13-CV-1943-MMA (JMA), 2013 WL 12077439, at *1 (S.D. Cal. Sept. 4, 2013). The court's reasoning in Agha is sound and the same conclusion pertains here.

For this reason, the court concludes that plaintiff has failed to sustain its burden to establish it is entitled to an injunction and therefore, its motion for a TRO will be denied.

Accordingly, it is ordered that plaintiff's motion for a TRO is denied.

SO ORDERED this 29th day of November, 2021.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE